# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOHN STEPHEN RAVAN,** *Plaintiff,* v. **Sheriff CULLEN TALTON,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00161-TES-TQL** |

## ORDER

On June 2, 2020, Defendants filed a Motion for Summary Judgment [Doc. 105]. On August 12, 2020, Plaintiff filed a response [Doc. 133] to Defendants' summary judgment motion. Also, on August 12, 2020, Plaintiff filed a motion seeking to oppose Defendants' summary judgment motion and "to have the Court look at reinstating dismissed Defendants" pursuant to the Court's Order [Doc. 96] adopting the United States Magistrate Judge's Reports and Recommendation [Doc. 72].[1] [Doc. 138, pp. 1—2].

---

[1] On April 3, 2020, the Court permitted some of Plaintiff's Eighth and First Amendment claims to proceed but dismissed the remaining Defendants because Plaintiff failed to state claims against them. [Doc. 96, p. 1].

1

The Court construes Plaintiff's motion as both a motion for reconsideration and supplemental response to Defendants' summary judgment motion.[2]

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if Plaintiff demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

In his motion, Plaintiff contends the Court should "reinstate" any dismissed defendant or claim that the Court feels necessary "to prevent a manifest of injustice [sic]." [Doc. 138, p. 2]. As noted in the Court's previous Order, Plaintiff's vague allegations against most of the defendants, at times even failing to link Defendants to an actionable claim, did not state claims upon which relief could be granted. Plaintiff has

---

[2] The Court must liberally construe Plaintiff's motion, who is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (citation omitted). To the extent Plaintiff seeks to reinstate dismissed Defendants or claims, the motion is construed as a motion for reconsideration. To the extent Plaintiff seeks to oppose Defendants' motion for summary judgment, the motion is construed as a supplemental response.

failed to show that the Court improperly dismissed these defendants and claims for the reasons provided in the Court's Order [Doc. 96] and magistrate judge's recommendation [Doc. 72].

Accordingly, the Court **DENIES** Plaintiff's motion [Doc. 138] to the extent it is construed as a motion for reconsideration. The remainder of Plaintiff's motion is construed as a supplemental response brief opposing summary judgment, and the Court **DIRECTS** the Clerk to **TERMINATE** that filing as an independent motion. The Court will consider Plaintiff's arguments when deciding upon Defendants' Motion.

**SO ORDERED**, this 13th day of August, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**